UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHARON BERLIN, *et al.*, <br><br> Appellants, <br><br> v. <br><br> JAY L. LUBETKIN, <br><br> Appellee. | Civil Action No. 24-10883 (MAS) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Appellants Aharon Berlin, Abrahm Blau, and Isreal Farkash's ("Appellants") appeal of a Bankruptcy Court order. (ECF No. 1.) On February 6, 2025, Jay L. Lubetkin, the former Chapter 7 Trustee ("Appellee"), filed correspondence with the Court requesting that the appeal be dismissed for Appellants' failure to file a Designation of Record and a brief in support. (ECF No. 5.) On March 11, 2025, this Court issued a text order: (1) notifying Appellants that they failed to file a Designation of Record pursuant to Federal Rule of Bankruptcy Procedure 8009;[1] and (2) ordering Appellants to submit the Designation of Record by March 17, 2025 and a moving brief no later than March 24, 2025.[2] (ECF No. 6.) The Court also warned that if Appellants failed to do so, this matter will be dismissed for failure to timely prosecute their appeal. (*Id.*) As of the date of this Memorandum Order, Appellants have not provided a Designation of Record, a moving brief, or otherwise responded to the Court's Text

---

[1] On December 17, 2024, the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") filed a Certification of Failure to File Designation of Record. (ECF No. 3.) The Court's Text Order merely reiterated, several months later, what the Bankruptcy Court already put Appellants on notice of.

[2] All references to "Rule" or "Rules" in this Memorandum Order refer to the Federal Rules of Bankruptcy Procedure.

Order. Accordingly, for the reasons briefly outlined below, Appellants' appeal is dismissed for failure to prosecute.

Under Rule 8001(a), a district court "is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the" Rules. *In re Richardson Indus. Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006). Before doing so, however, a district court must: (1) notify the appellants that their appeal may be dismissed for failure to prosecute, *In re Farzan*, Nos. 21-2445, 21-2446, 2022 WL 1238354, at *2 (3d Cir. Apr. 27, 2022) (collecting cases); and (2) consider the propriety of dismissal under the *Poulis* factors. *In re Richardson*, 189 F. App'x at 96-97 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

As to the first step, Appellants were on notice that their appeal may be dismissed. On December 17, 2024, the Bankruptcy Court first put Appellants on notice that they failed to file a Designation of Record. (ECF No. 3.) On March 11, 2025, this Court notified Appellants that their appeal will be dismissed for failure to prosecute unless they provided a Designation of Record and a moving brief. (ECF No. 6.) The Court gave Appellants until March 17, 2025 to file a Designation of Record and until March 24, 2025 to file a moving brief. (*Id.*) Accordingly, Appellants were put on notice that they failed to file a Designation of Record and that their appeal may be dismissed.

At the second step, in light of the Court's first-step analysis, the application of the *Poulis* factors is straightforward. Under *Poulis*, appellants' appeal may be dismissed if the balance of the following factors supports such a finding:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*In re Richardson*, 189 F. App'x at 96 (quoting *Poulis*, 747 F.2d at 868) (emphasis omitted).

First, Appellants are not represented by an attorney who may shoulder some blame. Instead, Appellants are pro se, and as such, the failure to prosecute their appeal is solely their own. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in [their] case because a pro se plaintiff is solely responsible for the progress of [their] case."). The first factor, therefore, favors dismissal.

Second, the prejudice to Appellants' adversary from their failure to respond to the Court's order is self-explanatory: this case cannot proceed if Appellants are completely absent. As such, the second factor weighs in favor of dismissal.

Third, the Court does not have a Designation of Record to assess Appellants' dilatory conduct in the Bankruptcy Court. This is because Appellants have yet to respond to this Court and the Bankruptcy Court's notices that their appeal cannot continue without a Designation of Record. In this Court, Appellants' conduct has been dilatory. Significantly, Appellants' "conduct" is completely absent in this respect, warranting dismissal.

Fourth, it is unclear whether Appellants' conduct is willful or otherwise taken in bad faith, because again, the Court has no record of Appellants' conduct and has not heard from Appellants in this matter. The fourth factor is, therefore, neutral.

Fifth, the Court can ascertain no other sanction that may be appropriate but dismissal. This is because Appellants are pro se, and their absence therefore prohibits this appeal from moving forward. *Briscoe*, 538 F.3d at 263 (upholding a district court's dismissal of a plaintiff's claims where it found that "no alternative sanctions existed" when the plaintiff was proceeding pro se, which rendered "monetary sanctions" untenable and necessitated dismissal (citation omitted)). As such, the fifth factor weighs in favor of dismissal.

Sixth, and finally, considering that the Court does not have a record in this case, it is impossible for this Court to assess the merits of Appellants' appeal. As such, the sixth factor favors dismissal.

Balancing the *Poulis* factors above, Appellants' failure to engage in this action and to provide the necessary documents for this Court to evaluate their appeal leads this Court to conclude that dismissal is necessary. Accordingly,

**IT IS,** on this 3rd day of April 2025, **ORDERED** as follows:

1. Appellants' appeal of the Bankruptcy Court's order (ECF No. 1) is **DISMISSED**.
2. The Clerk's Office shall close this case.

                                                        **MICHAEL A. SHIPP**
                                                        **UNITED STATES DISTRICT JUDGE**